PER CURIAM.
Jose Perez, a railroad worker, appeals from the trial court’s order denying his motion for directed verdict on his own comparative fault.
The jury was improperly charged to consider plaintiffs comparative fault on evidence that supported no more than assumption of the risk — a defense specifically barred under the Federal Employers’ Liability Act (FELA). 45 U.S.C. § 54 (1990); Taylor v. Burlington Northern R.R., 787 F.2d 1309, 1316 (9th Cir.1986) (“Defenses once embraced substantially within the concept of assumption of the risk are barred under the FELA and may not be revived in the form of contributory negligence.”); Hall v. American S.S., 688 F.2d 1062, 1066 (6th Cir.1982) (in a Jones Act case applying the same rale as FELA, where a seaman was required to work on deck in dangerously stormy conditions his failure to protest could not support a finding of negligence). Accordingly, we reverse with instructions for the trial court to strike the comparative fault apportionment and enter judgment for plaintiff in the full amount of the verdict.
Reversed and remanded.